# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Magistrate Docket No. **'08 MJ 0367** |
| | ) | |
| Plaintiff | ) | |
| | ) | COMPLAINT FOR |
| v. | ) | VIOLATION OF: |
| | ) | TITLE 18 U.S.C. § 1544 |
| Maurilio AREVALO OROS | ) | Misuse of Passport |
| AKA: Ruben SILVA | ) | |
| | ) | |
| | ) | |

The undersigned complainant, being duly sworn, states:

On or about February 7, 2008, within the Southern District of California, defendant Maurilio AREVALO OROS did knowingly and willfully use a passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting US passport number 038716834, issued in the name Ruben SILVA, to a Department of Homeland Security, Customs and Border Protection Officer, at the San Ysidro Port of Entry, knowing full well that he was not Ruben SILVA, that the passport was not issued or designed for his use, and that he is not a United States citizen entitled to a U.S. Passport; in violation of Title 18, United States Code, Section 1544.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service

SWORN AND SUBSCRIBED TO before me
This _8th_ day of _February_, 2008.

_____ UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT & STATEMENT OF FACTS

I, Richard Michael Escott, being duly sworn, declare under penalty of perjury that the following statement is true and correct:

1. I am a Senior Special Agent (SSA) with the U.S. Department of State, Diplomatic Security Service (DSS) assigned to the San Diego, CA Resident Office. I have been so employed for eight years and have investigated numerous violations involving the false application for and misuse of United States Passports and Visas.

2. During the performance of my duties, I have obtained evidence that Maurilio AREVALO OROS, aka: Ruben SILVA used the passport issued for the use of another. This Affidavit is made in support of a complaint against DEFENDANT for violation of Title 18, U.S.C., Section 1544, Misuse of a Passport.

3. On 02/07/2008, at approximately 0600 hours, DEFENDANT presented himself to a Department of Homeland Security, Customs and Border Protection (CBP) Officer at the pedestrian lines of the San Ysidro Port of Entry, to apply for admission into the United States. DEFENDANT identified himself with US Passport number 038716834, bearing the name Ruben SILVA, DPOB 12/29/1986, Mexico, and a photograph that was not DEFENDANT. DEFENDANT was sent to secondary inspection.

4. On 02/07/2008, at approximately 0800 hours, the Affiant was advised by his office that a CBP Officer at the San Ysidro POE had advised that DEFENDANT had been detained at the secondary inspection area of the San Ysidro POE.

5. On 02/07/2008, at approximately 1145 hours, DEFENDANT was retrieved from a cell at the Port Enforcement Team area and was brought to an interview room. The Affiant, assisted by a CBP Officer, obtained consent from DEFENDANT to have his interview audio and video taped. DEFENDANT read his Miranda warning aloud in Spanish from a written copy. He indicated that he understood and waived his right to counsel. He admitted that his true name was Maurilio AREVALO OROS, DPOB, 12/28/1985, Michoacan, Mexico. He stated that he was a citizen of Mexico and not a citizen of the United States. DEFENDANT admitted that he promised remuneration in the amount of $3,000 for the false US Passport bearing the name Ruben SILVA and transportation to Washington state.

6. DEFENDANT admitted to using the false passport, to apply for entry into the US on 02/07/2008, at the Ysidro Port of Entry. DEFENDANT admitted that he had attempted to be smuggled into the country on two other occasions within the previous several days. He admitted knowing that the passport was not issued or designed for his use and that it was illegal to use a US Passport in the name of another. He also stated he knew it was illegal to apply for admission to the United States after having been deported. He further admitted being on state probation from Washington and that he knew that he would violate his probation by the crimes he committed.

7.    DEFENDANT made an oral recorded confession as to the elements of the offences and a written statement.

On the basis of the facts presented in this probable cause statement consisting of 2 pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on 02/07/2008 - in violation of Title 18, United States Code, Section 1544: Misuse of a passport - when he knowingly and willfully used the passport belonging to another, Ruben AVILA

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service